# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN McDOWELL,** | : | **CIVIL NO. 1:CV-08-01453** |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **RAYMOND LITZ, et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Presently before the court is a motion to compel discovery filed by Plaintiff John McDowell. (Doc. 51.) Specifically, Plaintiff is seeking further responses to a set of interrogatories and a request for production of documents. For the reasons that follow, the motion to compel will be denied without prejudice.

## I. Background

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 4, 2008, against several employees[1] of the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), his current place of confinement. In the complaint, Plaintiff sets forth allegations of retaliation, deliberate indifference, and due process violations with respect to a disciplinary hearing.

---

[1] The SCI-Dallas Defendants named in the complaint are as follows: Raymond Litz, Corrections Officer; James T. Wynder, Jr., Superintendent; Michael Klopotoski, Chief Hearing Examiner; and C.J. McKeown, Hearing Examiner.

Defendants filed an answer to the complaint on November 21, 2008. (Doc. 22.) Since that time, the parties have been engaging in discovery. On January 30, 2009, the court issued an order setting the deadline for completion of discovery. (Doc. 34.) On April 1, 2009, the court granted Defendants' motion for an extension of the deadline of discovery, setting a new deadline for completion of discovery at May 29, 2009. (Doc. 47.) Outstanding are issues relating to discovery disputes regarding a set of interrogatories and a request for production of documents. Those issues will be discussed herein.

**II.    Discussion**

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance. Relevance for discovery purposes is defined broadly. The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is

defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Rule 26(b)(2) authorizes a court to limit discovery where

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). However, when there is no doubt about relevance, a court should tend toward permitting discovery. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265-66 (E.D. Pa. 1992).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

During the period of discovery, Plaintiff served interrogatories on Defendant Litz and a request for production of documents on all Defendants.[2] On May 15, 2009, Defendants responded to the interrogatories and requests for production of documents by providing information related to the case or objecting on the basis of relevancy, privilege, or security concerns. (Doc. 53-2, Ex. A, Def. Raymond Litz's Resp. to Pl. Interrogs., May 15, 2009; Doc. 53-3, Ex. B, Defs. Resp. to Pl. Req. for Produc. of Docs., May 15, 2009.) Further, on May 21, 2009, Plaintiff reviewed ninety (90) pages of requested documents provided by Defendants, and was provided with photocopies of twenty-three (23) documents. (*See* Doc. 53.) In a handwritten statement, Plaintiff acknowledged that he was given "ample time to review all the documents." (Doc. 53-4, Ex. C, Pl. Statement, May 21, 2009.) In the instant motion, Plaintiff is requesting that the court direct Defendants to provide further responses to certain requests in both discovery documents. The court will review the instant requests at issue in an effort to resolve the instant discovery dispute and place the case back in a posture to be resolved.

---

[2] The parties do not indicate on what date Plaintiff served these discovery documents.

### A. **Requests for Grievances**

In the instant motion, Plaintiff requests that the court compel Defendants to provide copies of various grievances filed by other SCI-Dallas inmates. Plaintiff initially requested these grievances in both his interrogatories and his request for production of documents. Those requests, as stated in the interrogatories and the request for production of documents, are detailed as follows.

With respect to the interrogatories, in Interrogatory No. 2, Plaintiff seeks the following: "Identify all persons or people who have filed documents, grievances and or formal or informal complaints etc. concerning before and after the incident subject of this lawsuit. Additionally provide: a) the time and place such complaints were filed; b) the identity of those persons or people and their present location; and c) what was said." (Doc. 53-2 at 5.)

With respect to the request for production of documents, Plaintiff seeks the following documents. In Request No. 1, Plaintiff seeks "any and all grievances, complaints or other documents received by the Defendants James T. Wynder, Jr. and Michael Klopotoski or their agents at SCI-Dallas concerning harassment, and or mistreatment of inmates' visitors by Defendant C/O Raymond Litz, during the years of 2006 up until 2008, while the Defendants were serving in the capacity of Superintendent at State Correctional Facility at Dallas ("SCI @ Dallas")." (Doc.

53-3 at 3.) In Request No. 4, Plaintiff seeks "any and all grievances, complaints and or other documents received by Defendants James T. Wynder, Jr. and Michael Klopotoski, or their Agents at SCI-Dallas concerning signing (sic) out visitors of inmates for unreasonable drug searches by Defendant C/O Raymond Litz." (*Id*. at 7.) In Request No. 9, Plaintiff seeks, in part, "print-outs of . . . every one that filed grievances regarding the ION scanner within the years of 2006 until 2008." (*Id*. at 10.) In Request No. 10, Plaintiff seeks "any and all grievances, complaints or other documents received by the Chief Hearing Examiner's Office concerning Defendant C.J. McKeown not being a fair and impartial Hearing Examiner." (*Id*. at 11.) In Request No. 11, he seeks "any and all grievances, complaints or other documents in reference to fact-finding reports imposed by Hearing Examiner Defendant C.J. McKeown, where he indicated that he believes the Officers' Misconduct Report over the inmates' denial, where evidence supported the inmates' innocence beyond a preponderance of the evidence." (*Id*. at 12.) In Request No. 13, he seeks "any and all grievances, complaints or documents filed against Defendant James T. Wynder, Jr. while serving in the capacity of Superintendent of SCI-Dallas, concerning deliberate indifference to reports by inmates of misconduct by Department of Corrections Staff Officials." (*Id*.) Finally, in Request No. 14, Plaintiff seeks "any and all grievances, complaints, or other documents filed by

6

inmates against Defendant Michael Klopotoski while serving in the capacity of Superintendent employed by the Department of Corrections, citing him for deliberate indifference to reports of misconduct by Department of Corrections' staff while serving under the color of state law." (*Id*. at 13.)

Defendants objected to all the requests set forth above, reasoning that the requested answers to interrogatories and documents are overbroad, insufficiently vague, irrelevant to the instant action, not likely to lead to any admissible discovery, and overly burdensome. (*Id*. at 3-4, 7-8, 10-13.) By way of example, in response to Request No. 10, Defendants object for the following reasons:

> Defendants also object to this request as being irrelevant to the instant action, not likely to lead to any admissible discovery, and as being overly burdensome. This request seeks private information about grievances filed by non-party inmates. If inmates were permitted access to private information of other inmates, the information could be used to harass and/or retaliate against the grieving inmate. Further, the grievance system does not have the capability to track the grievances against specific individuals. Thousands of grievances would have to be hand searched to determine whether the McKeown was named anywhere in the grievance, as a subject of the grievance, as an individual that the inmate discussed in the grievance, or was a witness to the matter grieved.

(*Id*. at 11-12.) Plaintiff objects to Defendants' responses, countering that Defendants' failure to disclose the requested answers to interrogatories and documents is not substantially justified and that Defendants have deliberately withheld the requested documents. (Doc. 52 at 3-4.)

7

The court finds that the requests are overbroad and overly burdensome, and agrees with Defendants' concerns about accessing private information with respect to other inmates' grievances. Thus, the motion to compel will be denied with regard to Interrogatory No. 2, and Request Nos. 1, 4, 9 (in part), 10, 11, 13, and 14.

### B. Requests Relating to ION Scanner

In the instant motion, Plaintiff requests that the court compel Defendants to provide certain information relating to the ION scanner used by prison officials for the purposes of testing visitors for the presence of certain illegal drugs. Plaintiff initially requested this information in the request for production of documents. The requests, as stated in the request for production of documents, are detailed as follows.

In Request No. 2, Plaintiff seeks "any and all policies, directives or instructions to staff concerning the use of an ION scanner, by male Correctional Officers, directing how to set the ION scanner before use, and directing that women visitors' breast and buttocks are to be scanned for testing for the presence of drug use." (Doc. 53-3 at 4.) In Request No. 6, he seeks "any and all records concerning C/O Raymond Litz's professional expert training in the use of the ION scanner." (*Id*. at 9.) In Request No. 7, Plaintiff seeks "any and all names of the ION Scanner's Manufacturer's name and address." (*Id*.) In Request No. 8, he

8

seeks "any and all reports concerning C.O. Raymond Litz's trainer, in reference to the use of the ION scanner and calibrating machine." (*Id*. at 10.) In Request No. 9, Plaintiff seeks, in part, "any and all print-outs of the ION scanner in reference to Plaintiff's wife Roxanne Neal . . . ." (*Id*.)

Defendants, generally, raise the same objection to all the requests set forth above. Specifically, Defendants reason that the requested documents reveal privileged and confidential information which, if released, may jeopardize the safety and security within the institution. (*Id*. at 4-6, 9-11.) By way of example, in response to Request No. 2, Defendants object for the following reasons:

> Defendants also object to this request on the basis that it seeks documents that are kept confidential for security reasons, and is therefore protected from disclosure pursuant to Executive Privilege. The Department of Corrections is charged with the safe operation of State Correctional Institutions. 71 P.S. § 310-1. Inherent in the functioning of secure prison facilities is the ability to have internal procedures that are protected from public disclosure. Knowledge of the inner working of even seemingly innocuous prison procedures can be manipulated by prisoners at the cost of the safety and security of an institution's residents and employees. *See Weaver v. Department of Corrections*, 702 A.2d 370 (Pa. Cmwlth. 1997).
>
> The Department recently reviewed and reorganized its policies and procedures. Classifications were made to distinguish security sensitive records from records that pose no security concerns. The policies and procedures that pose no security concerns have been posted on the Department's website. Security-sensitive information was consolidated into certain sections and is maintained as confidential. Information contained in the security sensitive

9

> procedures manuals is distributed to Department employees on an as needed basis only.
>
> 6.3.12 § 7 is Electronic Drug Detections Section of the DOC Drug Interdiction Program Procedures Manual. It is a document that contains confidential and security sensitive procedures manual regarding the capabilities and use of electronic drug detection equipment. It is provided to staff on an as needed basis only. Access to the information would inform individuals of the capabilities that the Department to detect contraband drugs and to evade measures that are in place. The Department has been directed not to turn over these policies without consent by Secretary Beard.
>
> \* \* \*
>
> Finally, as has been explained to the Plaintiff, and his wife, contrary to the wording in this Request for Production of documents, the ION scanner does not test for "the presence of drug use." The ION scanner tests for the presence of certain illegal drugs - a positive reading by the scanner does not mean that the person scanne[d] necessarily used any of the illegal drugs detected by the scanner.

(*Id*. at 4-6.) Plaintiff objects to Defendants' responses, countering that Defendants' failure to disclose the requested documents is not substantially justified and that Defendants have deliberately withheld the requested documents. (Doc. 52 at 3.)

The court agrees that Defendants' concerns are valid and that the above-referenced records must be kept confidential in the interests of prison safety and security. Thus, the motion to compel will be denied with regard to Request Nos. 2, 6, 7, and 8. Further, with respect to Request No. 9, Defendants responded that they will turn over any documents not subject to legitimate security concerns which are

10

in their care, custody and control with respect to the print-outs of the ION scans of Plaintiff's wife, if they exist. (Doc. 53-3 at 11.) As Plaintiff previously indicated that he was given "ample time" to review the documents he requested, (*see* Doc. 53-4), the court finds this to be a sufficient resolution of this request and will not direct the production of any further documentation in response to said request at this time. However, the motion will be denied without prejudice to Plaintiff's right to renew his motion with respect to Request No. 9 should Defendants have not yet supplied Plaintiff with a copies of, or access to, the relevant print-outs of the ION scans of Plaintiff's wife.

### C. Request for Records of Wife's Visits

In the instant motion, Plaintiff requests that the court compel Defendants to provide information relating to his wife's visits to SCI-Dallas. Specifically, in Request No. 5, Plaintiff seeks "any and all copies of all records concerning visits in which Plaintiff's wife came to visit, and reports concerning unauthorized behavior." (Doc. 53-3.) In response, Defendants objected to the use of the word "records" as being overly broad and overly vague. (*Id*.) However, Defendants responded that they will provide Plaintiff with any documents not subject to legitimate security concerns which are in their care, custody and control concerning visitations from Plaintiff's wife. (*Id*.)

11

Plaintiff objects to Defendants' response, countering that Defendants' failure to disclose the requested documents is not substantially justified and that Defendants have deliberately withheld the requested documents. (Doc. 52 at 3.) As Plaintiff previously indicated that he was given "ample time" to review the documents he requested, (*see* Doc. 53-4), the court finds this to be a sufficient resolution of this request and will not direct the production of any further documentation in response to said request at this time. However, the motion will be denied without prejudice to Plaintiff's right to renew his motion with respect to Request No. 5 should Defendants have not yet supplied Plaintiff with a copies of, or access to, the relevant documents concerning visitations from Plaintiff's wife.

## III. <u>Conclusion</u>

Based on the foregoing, it is clear that Defendants have complied, in a good faith effort, with the discovery requests served upon them by Plaintiff. They have made documents available for inspection which are not privileged, irrelevant, overbroad or objectionable on any other basis. However, certain requests, discussed herein, may remain outstanding. Thus, the motion to compel will be denied without prejudice to Plaintiff's right to renew the motion should Defendants have not responded to the relevant requests addressed herein.

An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                              United States District Judge

Dated: July 10, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN McDOWELL, | : | CIVIL NO. 1:CV-08-01453 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | |
| RAYMOND LITZ, et al., | : | |
| Defendants | : | |

## O R D E R

**AND NOW**, this 10th day of July, 2009, upon consideration of the motion for an order compelling discovery (Doc. 51), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion to compel (Doc. 51) is **DENIED** without prejudice to Plaintiff's right to renew the motion should Defendants have not responded to Request Nos. 5 and 9.

                                                       s/Sylvia H. Rambo  
                                                    United States District Judge