IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN McDOWELL,** | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-08-01453** |
| v. | : | **(Judge Rambo)** |
| **LITZ,** *et al.*, | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is Plaintiff John McDowell's ("McDowell") motion for reconsideration of the court's memorandum and order of May 5, 2010 (Doc. 85), granting summary judgment in favor of Defendants. (Doc. 87.) For the reasons that follow, the instant motion (Doc. 87) will be denied.

## **I.** **Background**

McDowell, an individual incarcerated at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), initiated this action with a civil rights complaint pursuant to 42 U.S.C. § 1983 on August 4, 2008. (Doc. 1.) In his complaint, McDowell alleged that Defendant Raymond Litz violated his First Amendment rights by retaliating against him after McDowell complained about Litz's treatment of McDowell's wife during an April 26, 2007 visit to SCI-Dallas. Specifically, McDowell alleged that Litz singled out his wife for a strip search, tampered with the

ION scanner in order to prevent her from visiting McDowell, and falsified two misconduct reports. McDowell also alleged that Defendants James Wynder, Jr., Michael Klopotoski, and C.J. McKeown violated his Fourteenth Amendment due process rights by imposing and sustaining a disciplinary hearing against him, and by refusing to overturn the hearing on appeal. Finally, McDowell asserted that Defendants Wynder and Klopotoski violated his Eighth Amendment rights through their deliberate indifference to the known harassment of his wife as well as Litz's alleged retaliation.

By memorandum and order dated May 5, 2010, the court granted summary judgment in favor of Defendants. (Doc. 85.) In that memorandum and order, the court found the following: 1) McDowell failed to present sufficient evidence to support a prima facie case of retaliation; 2) he failed to meet his burden of producing evidence that could lead a reasonable trier of fact to conclude that his due process rights were violated; and 3) his Eighth Amendment claims failed as a matter of law because the privileges at issue in the case do not qualify as the minimal necessities of life, such as adequate food, clothing, shelter, sanitation, medical care and personal safety. (*Id.*) Thus, summary judgment was granted in favor of Defendants.

2

Consequently, McDowell filed the instant motion for reconsideration. (Doc. 87.) In his motion, McDowell argues that the court made a clear error of law based on the following three grounds: 1) the court erred in not providing him with an opportunity to pursue discovery; 2) the court erred in not considering Defendant McKeown a "partial decisionmaker;" and 3) the court erred in not finding that McDowell had met his burden in opposing summary judgment. After careful review, the court will deny the motion.

**II.    Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where

3

the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that McDowell has not demonstrated any of the applicable grounds for reconsideration. Specifically, the court finds no intervening change in controlling law, no error of law or fact, and no new evidence that was unavailable when the court entered judgment. With respect to his first claim, the docket in this case indicates that McDowell did have an opportunity to conduct discovery; did, in fact, conduct

4

discovery; and received all the discovery to which he was entitled. As to his second claim, Defendant McKeown's role in McDowell's disciplinary hearings is irrelevant to the court's findings that McDowell had admitted to the underlying facts of his misconducts and that neither sanction received amounted to a loss of a protected liberty interest or an atypical or significant hardship. Finally, as to his third claim, McDowell is simply restating his facts and arguments presented in his opposition to the motion for summary judgment. While McDowell may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

    An appropriate order will issue.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: November 10, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN McDOWELL, | : | |
| Plaintiff | : | CIVIL NO. 1:CV-08-01453 |
| v. | : | (Judge Rambo) |
| LITZ, *et al.*, | : | |
| Defendants | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 87) is **DENIED**.

                                                              s/Sylvia H. Rambo
                                                         United States District Judge

Dated: November 10, 2010.